# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| IDS Property Casualty Insurance Company, ) | C/A No.: 1:16-cv-01899-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER FOR** |
| ) | **DEFAULT JUDGMENT** |
| Cynthia Sheppard, a/k/a Cynthia Sheppard ) | |
| Tanksley, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court pursuant to Plaintiff's Motion for Default Judgment against Defendant Cynthia Sheppard, a/k/a Cynthia Sheppard Tanksley ("Defendant"). (ECF No. 12.) For the reasons set forth below, the court grants this Motion.

## I. INTRODUCTION

Plaintiff filed this Declaratory Judgment action on June 10, 2016 seeking a declaration by the court that a policy of insurance issued to Defendant was procured through misrepresentation, fraud and concealment, and requesting that this court declare that Plaintiff has no obligation to provide coverage to the premises located at 134 Zenith Drive, Beech Island, South Carolina. (ECF No. 1.)

    a.    <u>Jurisdiction and Venue</u>

This court has subject matter jurisdiction over the claim pursuant to 28 U.S.C. §1332 based upon diversity of citizenship of the parties. (ECF No. 1 at 2 ¶¶ 3, 4.) Further, this action is brought pursuant to the provisions of the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and Rule 57 of the Federal Rules of Civil Procedure.

1

b.  Process and Service

The Complaint was personally served upon Defendant on June 23, 2016, at her address on 4341 White Pine Court in Augusta, Georgia by process server William R. Scott, and as confirmed by a Proof of Service filed with the court. (ECF No. 5.)

c.  Grounds for Default

Defendant has not filed an Answer or other pleadings, as reflected in the Affidavit in Support of Entry of Default (ECF No. 8) filed on July 18, 2016. The Clerk of Court properly entered default in favor of Plaintiff as against Defendant on July 18, 2016. (ECF No. 9.) On August 18, 2016, Defendant filed the instant Motion for Default Judgment. (ECF No. 12.)

## II. FINDINGS OF FACT

When the Defendant has failed to respond to the Complaint and is in default, the Court should accept the facts as set forth in the Complaint. See Fed. R. Civ. P. 8(b)(6); see also Direct TV, Inc. v. Rawlins, 523 F. 3d 318, 322 n.1 (4th Cir. 2009). "A Defendant in default concedes the factual allegations of the Complaint." See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). Upon review of the Complaint, Plaintiff's Answers to Local Rule 26.01 Interrogatories, service documentation reflecting service upon Defendant, Plaintiff's Motion for Entry of Default and Motion for Default Judgment, as well as all other supporting supplemental information provided, the court finds that Defendant made false misrepresentations and/or concealed accurate information that was material in nature, relied upon by Plaintiff (and otherwise unknown to Plaintiff) and with Defendant knowing the false representations contained within the policy issued by Plaintiff, (if the truth had been disclosed), would have resulted in any coverage being rejected by Plaintiff. This insurance policy, originally provided by Plaintiff to Defendant and renewed thereafter, indicated that Defendant resided in the 134 Zenith Drive, Beech Island, South

Carolina home as her "residence premises" when in fact Defendant resided in Augusta, Georgia at all times material to this policy being effective. (ECF No. 1 at 3 ¶ 11.) The Beech Island address was, and has been continuously a rental property owned by Defendant, wherein Defendant would charge monthly rent to third parties for profit. (Id. at 2 ¶¶ 7–8.)

The policy issued by Plaintiff (ECF No. 1-1) specifically excludes any coverage for property rented or held for rental to others, and likewise excludes coverage for property of any roomers, boarders or other tenants. (Id. at 17 § II, ¶ 1(e).) It is undisputed that at the time of the fire loss involving the Beech Island property, while Defendant resided in Georgia, renters were in the home and had been there for years. (ECF No. 1 at 2 ¶ 9–3 ¶ 10.) Furthermore, although Defendant made a claim for the Beech Island property due to vandalism in 2008, at that time she provided a sworn Affidavit in 2009 (ECF No. 1-2) to Plaintiff wherein she stated that she had lived in the Beech Island property for at least ten (10) days monthly and would move back in as soon as the vandalism was repaired, when in fact Defendant's recent sworn testimony under oath (ECF No. 1-3) confirms that she did not reside at the Beech Island home during this timeframe, but lived in the same address where she presently resides (in Augusta, Georgia) and the Beech Island home was and continued to be a rental property at all times material to this action. (ECF No. 1 at 3 ¶¶ 11–13.)

### III. CONCLUSION

It is abundantly clear that the policy in question was issued by Plaintiff to Defendant based upon Defendant's fraudulent misrepresentations, concealment and/or misrepresentations of material facts, which Defendant was well aware, and Plaintiff was not. It is likewise clear that the false representations made by Defendant were material to this policy, and had Plaintiff been aware, the policy would not have been issued, as this policy has specific exclusions for rental property such as the Beech Island property represented as "the residence premises" of Defendant. Further, the policy

terms specifically exclude coverage for any loss associated with intentional concealment or misrepresentation of any material fact or circumstance, as well as any insured engaging in fraudulent conduct or making false statements relating to the insurance (whether before or after a loss).

Plaintiff, as insurer, bears the burden of establishing by clear and convincing evidence that an insured has made a material misrepresentation, such that the insurance policy should be voided and coverage denied. Evanston Ins. Co. v. Watts, 52 F. Supp. 3d 761, 765–66 (D.S.C. 2014). "In order to vitiate a policy on the ground of fraudulent misrepresentation, it is necessary that the insurer show not only the falsity of the statement challenged, but also that the falsity was known to the applicant, was material to the risk, made with the intent to defraud the insurer, and relied upon by the insurer in issuing the policy." Strickland v. Prudential Ins. Co. of Am. 292 S.E.2d 301, 304 (S.C. 1982), (citing Atl. Life Ins. Co. v. Beckham, 126 S.E.2d 342 (1962); Metro. Life Ins. Co. v. Bates, 49 S.E.2d 201 (S.C. 1948); Cain v. United Ins. Co., 102 S.E.2d 360 (S.C. 1958)). In this action, it is undisputed that the material misrepresentation was made by Defendant to Plaintiff, and with the false Affidavit from 2009 (ECF No. 1-2) reflecting that the falsity was known to the applicant so as to earlier receive benefits from a claim knowing that the policy would otherwise not apply, and with Defendant knowing that disclosure of this being rental property was material to the risk, and relied upon by Plaintiff in issuing the policy, as otherwise the very terms of the policy would exclude coverage to a rental property such as the property address in question. It is obvious that Defendant engaged in a pattern of deception and concealment.

Accordingly, **IT IS ORDERED** that judgment in favor of Plaintiff be entered against Defendant declaring that the policy of insurance issued by Plaintiff to Defendant is void, of no force and effect, and Plaintiff has no obligation to honor such policy either through indemnification or

duty of defense for any alleged loss or claims, the policy providing no coverage of any type for 134 Zenith Drive, Beech Island, South Carolina.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 18, 2017
Columbia, South Carolina